# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTI RUTH PAYNE a/k/a KITTI R. POWER,<br><br>Plaintiff,<br><br>v.<br><br>PUBLISHERS CLEARING HOUSE, INC.; MARGARET CROSSAN, DAVE SAYER, PCH AFFILIATES d/b/a PCH LOTTO a/k/a PUBLISHING CLEARING HOUSE; PCH; and THE CLEARING HOUSE,<br><br>Defendants. | **Case No. 1:16-cv-010165-DAD-SKO**<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**Objections Due: 28 Days**<br><br>(Doc. No. 4) |

## I. BACKGROUND

On September 25, 2015, Plaintiff Kitti Ruth Payne ("Plaintiff"), proceeding pro se and in forma pauperis, filed an action against Publishers Clearing House, Inc., before this Court. *See Payne v. Publishers Clearing House*, No. 1:15-cv-01453-AWI-SKO ("*PCH I*"). On December 17, 2015, the undersigned recommended *PCH I* be dismissed without leave to amend, for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. Rule 8. (*PCH I*, Doc. 13.) On January 22, 2016, the assigned district judge adopted the undersigned's findings and recommendation in full and dismissed *PCH I* with prejudice and without leave to amend. (*PCH I*,

Doc. 14.) Judgment was entered on January 22, 2016. (*PCH I*, Doc. 15.)

In a civil case, a party must file their notice of appeal to the Circuit Court with the district clerk "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4. The deadlines are mandatory and jurisdictional. *See Browder v. Dir., Dep't of Corrections*, 434 U.S. 257 (1978). Here, more than thirty days have passed since the entry of judgment in *PCH I*; therefore, the judgment in *PCH I* is final.

On February 4, 2016, Plaintiff, proceeding pro se and *in forma pauperis*, filed the instant action against Publishers Clearing House, Inc., before this Court. *See Payne v. Publishers Clearing House*, No. 1:16-cv-00165-DAD-SKO ("*PCH II*"). In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint in *PCH II* is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2). For the reasons below, the undersigned finds and recommends that Plaintiff's claims are barred by the doctrine of res judicata.

## II.   PLAINTIFF'S CLAIMS

The Amended Complaint in *PCH I* and the Complaint in the newly-filed *PCH II* are virtually indistinguishable from one another. (*Compare PCH I*, Doc. 6, *with PCH II*, Doc. 1.) In *PCH I*, Plaintiff alleged claims for negligence, "harm," and fraud against Publishers Clearing House based on the contents of an October 2011 email from an unnamed third party representing itself as an affiliate of Publishers Clearing House. (*PCH I*, Doc. 6, pp. 8-9; Exh. 1 (unauthenticated copy of October 2011 email).) In *PCH II*, Plaintiff alleges claims of negligence, "resulting harm," "continuation of negligence," and fraud against Publishers Clearing House based on the contents of an October 2011 email from an unnamed third party representing itself as an affiliate of Publishers Clearing House. (*PCH II*, Doc. 1, pp. 6-7; Att. 1 (unauthenticated copy of October 2011 email).) The defendants named in *PCH II* are the same as those previously named in *PCH I*. (*Compare PCH I*, Doc. 6, *with PCH II*, Doc. 1.)

*PCH I* was dismissed, with prejudice and without leave to amend, for failure to recite a plain and concise statement of allegations under Fed. R. Civ. P. 8, and on January 22, 2016, judgment was entered against Plaintiff.  (*PCH I*, Doc. 13; 14; 15.)

### III.   FINDINGS

The doctrine of res judicata bars the re-litigation of claims previously decided on their merits.  *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).  "The elements necessary to establish res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"  *Headwaters, Inc.*, 399 F.3d at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

Plaintiff's statement of factual allegations and federal claims in this action are virtually identical to the statement of factual allegations and federal claims in *PCH I*, and there is no question that Plaintiff is attempting to re-litigate the same claims against the same parties.  (*Compare PCH I with PCH II*.)  The claims Plaintiff raises in this action were previously dismissed, with prejudice, for failure to comply with Fed. R. Civ. P. 8.  "A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to rule 41(b)[,]" *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) (collecting cases), and a dismissal with prejudice pursuant to Rule 41(b) is a "final judgment upon the merits."[1]

Because Plaintiff's federal claims are absolutely barred pursuant to the doctrine of res judicata, Plaintiff's complaint must be dismissed, with prejudice and without leave to amend.  *Headwaters, Inc.*, 399 F.3d at 1052.

### IV.   CONCLUSION AND RECOMMENDATION

Plaintiff's claims are barred by the doctrine of res judicata and Defendants are entitled to dismissal of the claims, with prejudice.  Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

---

[1]   Rule 41(b) provides in pertinent part:

"For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him . . . .  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits."

3

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **March 4, 2016**                              /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE